IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Criminal Action No. 25-mj-02067-DPR |
| VALENTIN TRUJILLO-TRUJILLO, | ) ) | |
| Defendant. | ) | |

### **O R D E R**

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel Steven Berry, Assistant Federal Public Defender. The United States was represented by Patrick Carney, Assistant United States Attorney.

A complaint and supporting affidavit have been filed in this case. The affidavit supports a finding of probable cause to believe that the offense charged was committed by this defendant. Based on the evidence presented at the hearing, there are no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). The evidence at the detention hearing established that the weight of the evidence against the defendant is overwhelming.

Regarding the potential for failure to appear, the Court notes the nature and circumstances of the instant offense, and that the defendant is a citizen of Mexico illegally in the United States having previously been deported. Defendant's mental health history, substance abuse history, and community ties are unknown. In addition, the defendant has ties to a foreign country and the Court notes that the defendant has an immigration detainer which has been lodged with the U.S. Marshal Service.

The existence of an ICE detainer by itself is not a categorical, per se basis for detention because the Bail Reform Act creates no per se category of persons who must be detained, absent an individualized inquiry into the person's risk of flight or danger to the community. However, the court can consider the defendant's status and existence of pending immigration proceedings as information relevant when considering other factors under the Act since they indicate prior noncompliance with federal law and thus are analogous to a prior criminal history.

Regarding the potential danger to the community, the Court notes the nature and circumstances of the instant offense and defendant's unknown substance abuse history and unknown mental health history. In addition, the Court notes defendant's pattern of similar criminal activity history.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDRED.**

**DATED: August 4, 2025**

*/s/ David P. Rush*
DAVID P. RUSH
United States Magistrate Judge